DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Michael Frost, appeals an order of the Lorain County Court of Common Pleas that adjudicated him a sexual predator. We affirm.
On January 28, 1991, after entering a guilty plea, Defendant was convicted of one count of attempted rape, one count of attempted kidnapping, and one count of intimidation arising from an incident of sexual misconduct with an eight-year-old girl. The trial court sentenced Defendant to concurrent prison terms of three to fifteen years each for attempted rape and attempted kidnapping and two to ten years for intimidation. The trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C)(2) prior to Defendant's scheduled release from prison. On February 22, 1999, the court adjudicated Defendant to be a sexual predator. He timely appealed, raising one assignment of error.
ASSIGNMENT OF ERROR I
The judgment finding [Defendant] to be a sexual predator violates [Defendant's] constitutional rights.
 Defendant has argued that R.C. 2950.09(C) violates the Retroactivity Clause of Section 28, Article II of the Ohio Constitution and the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution. This court has previously considered, and rejected, this argument. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2. Defendant has also argued that the registration requirements of R.C. 2950. constitute cruel and unusual punishment and violate the offender's right to privacy. These arguments have also been considered by this court and found to be without merit. State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 16-17; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 15-17.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT BAIRD, P.J., CARR, J., concur.